AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: 9th |
|---|---|
| Name (under which you were convicted): LaBriant Quadrell Williams | Docket or Case No.: 18-08-11243(1) |
| Place of Confinement: T.D.C.J Telford unit | Prisoner No.: 2263631 |
| Petitioner (include the name under which you were convicted) LaBriant Quadrell Williams  v. Respondent (authorized person having custody of petitioner) | |
| The Attorney General of the State of: | |

United States District Court
Southern District of Texas
FILED

MAY 19 2020

PETITION

David J. Bradley, Clerk of Court

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   9th District Court, Montgomery County TX

   (b) Criminal docket or case number (if you know): 18-08-11243(1)

2. (a) Date of the judgment of conviction (if you know): May 15, 2019
   (b) Date of sentencing: May 15, 2019

3. Length of sentence: 15 years

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   Sexual Assault-Child

6. (a) What was your plea? (Check one)
   ☐ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
   ☑ (2) Guilty          ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ☐ Jury    ☒ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        ☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

        ☐ Yes    ☒ No

9.    If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

    (g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

        If yes, answer the following:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Result: _____

_____

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

_____

_____

_____

    (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

_____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: **9th district**

        (2) Docket or case number (if you know): **N/A**

        (3) Date of filing (if you know): **N/A**

        (4) Nature of the proceeding: **Motion for new trial**

        (5) Grounds raised: **Ineffective assistance of Counsel**

_____

_____

_____

_____

_____

_____

_____

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
        ☐ Yes ☑ No

        (7) Result: _____

Page 4 of 16

(8) Date of result (if you know): N/A

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Court of Criminal appeals of Texas

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: Seeking relief for New trial

(5) Grounds raised: Ineffective assistance of Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☑ No

(7) Result: Dismissed

(8) Date of result (if you know): April 27, 2020

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes    ☐ No

    (7) Result: _____

    (8) Date of result (if you know): 

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☒ Yes    ☒ No

    (2) Second petition:    ☒ Yes    ☒ No

    (3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Ineffective Assistance of Counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to admonish me regarding Sex offender registration before I signed the Plea deal, was informed at the County Jail about registering. Counsel failed to consult with me to determine what my objective was and keep me informed of status of the matter. Counsel didn't return my calls only spoke with him at court, He stated he was in the middle of a trial. Counsel overstated risks to pressure me to enter into plea deal by stating that the judge could give me 20 plus years if case went to trial, I was misled to sign. Counsel failed to fully investigate my evidence of defense

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

Page 6 of 16

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:

Montgomery County clerk

Docket or case number (if you know): _____

Date of the court's decision: April 27, 2020

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Was not aware that I could appeal

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ❏ Yes  ❏ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes  ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

_____
_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____
_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

AO 241 (Rev. 09/17)

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Four:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?   ❐ Yes   ❐ No

      (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❐ Yes   ❐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☑ Yes ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

   Court of appeals, Writ of Habeas corpus

Page 13 of 16

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Christopher Allen_

(b) At arraignment and plea: _Christopher Allen_

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 09/17)

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _of Conviction and imprisonment._

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _5/12/20_ (month, date, year).

Executed (signed) on _5/12/20_ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Page 16 of 16

Received and E-Filed for Record
4/23/2020 9:58 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Melissa Morris

## CAUSE NO. 18-08-11243(1)

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT FOR |
| | § | |
| LABRIANT QUADRELL WILLIAMS | § | THE 9TH JUDICIAL DISTRICT, |
| | § | |
| | § | MONTGOMERY COUNTY, TEXAS |

### STATE'S ANSWER TO POST-CONVICTION APPLICATION FOR A WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas, by the undersigned assistant district attorney, and moves the Court to recommend to the Court of Criminal Appeals that the application for a writ of habeas corpus be dismissed pursuant to Rule 73.1 of the Texas Rules of Appellate Procedure. The State respectfully shows the Court the following:

### I.

A grand jury indicted the applicant for the offense of sexual assault of a child. The applicant pleaded guilty as charged, and this Court assessed his punishment—pursuant to a plea bargain—at imprisonment for fifteen years. The applicant filed a motion for new trial, which this Court denied. The applicant did not file a notice of appeal, and his conviction is final.

On April 15, 2020, the applicant filed an application for a writ of habeas corpus challenging his conviction in this case, in which he asserts one ground for relief. The ground for relief is not written on the form prescribed by the Court of Criminal Appeals.

## II.

"An application filed under Article 11.07 must be on the form prescribed by the Court of Criminal Appeals." Tex. R. App. P. 73.1(a). "Any ground not raised on the form will not be considered." Tex. R. App. P. 73.1(c). An application in which the grounds for review are not listed on the prescribed form is subject to dismissal by the Court of Criminal Appeals. *See* Tex. R. App. P. 73.2; *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006).

In this case, the applicant's ground for review is not written on the prescribed form, and his application will, in all likelihood, be summarily dismissed upon its receipt by the Court of Criminal Appeals.